IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VRIGNIA
NORFOLK DIVISION

| | |
|---|---|
| SHANDONG RELTEX LEIHUA CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> ISON INTERNATIONAL LLC, <br> ISON FURNITURE MFG, INC., <br> and PHILIP ISON, <br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case Number_____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

For its complaint against the above-named Defendants, Plaintiff Shandong Reltex Leihua Co., Ltd. shows the following facts:

**Jurisdiction and Venue**

1.

Plaintiff is a manufacturer located in and organized under the laws of the Republic of China.

2.

On information and belief, Defendant Philip Ison is an individual citizen of the Commonwealth of Virginia, residing at 330 Washington Street, Portsmouth, Virginia 23704-2457.

3.

Mr. Ison is the CEO of Defendant Ison Furniture Mfg, Inc. ("Ison Furniture"). Ison Furniture is a corporation organized under the laws of the State of North Carolina and registered to do business in the Commonwealth of Virginia. Ison Furniture maintains a principal place of

business at 3872 Martin Drive, Axton, Virginia 24054-4093, and a registered office at 330 Washington Street, Apt. 1, Portsmouth, Virginia 23704-2457.

4.

Mr. Ison is the owner of Defendant Ison International LLC ("Ison International"). Ison International is a Virginia limited liability company with its principal place of business at 2401 High Street, Portsmouth, Virginia 23704-2457.

5.

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), because Plaintiff is a citizen of a foreign state and Defendants all are citizens of domestic states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.

Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because all of the Defendants reside in Virginia. Mr. Ison resides in Portsmouth, Virginia, which sits within this district.

**Factual Allegations**

7.

Plaintiff manufactures tarpaulins, also known as tarps. In 2018, Plaintiff entered into a Warehousing and Distribution Agreement with Defendant Ison International to store over 200,000 tarps that had been imported to the United States from China. An authentic duplicate of the Warehousing and Distribution Agreement is attached hereto as Exhibit "A."

8.

Under the Warehousing and Distribution Agreement, Defendant Ison International agreed to store the tarps at the "Ison Warehouse" in North Carolina.

9.

On or around September 15, 2018, Mr. Ison, in his capacity as CEO of Ison Furniture, sent an email to Plaintiff's representative proposing to sell the tarps to customers in the United States for Plaintiff. Mr. Ison's email proposed that "we" would pay Plaintiff $21.00 per tarp sold and stated, "We can give our customers 30 days to pay and pay you immediately upon shipping." An authentic duplicate of the email chain including this email and a subsequent email from Mr. Ison is attached hereto as Exhibit "B," with this email contained on pages 2–3.

10.

The following month, on or around October 18, 2018, Mr. Ison sent an email informing Plaintiff that he had sold 210,000 of Plaintiff's tarps at a price of $23.00 per tarp. Mr. Ison agreed to wire $4,830,000 to Plaintiff "from my company to your company." Mr. Ison signed this email as "CEO / Owner" of "Ison Warehouse / Ison International LLC." This email is contained in Ex. B at pages 1–2.

11.

In response to a question from Plaintiff, Mr. Ison then sent another email to Plaintiff, confirming as to the funds that "I will send to you as soon as possible." An authentic duplicate of this email chain is attached hereto as Exhibit "C."

12.

Defendants did not wire the funds to Plaintiff as represented, and Mr. Ison requested that Plaintiff submit invoices for payment. Plaintiff then sent invoices to Ison International for the

$4,830,000 owed for the sale of the 210,000 tarps. Authentic duplicates of these invoices are attached hereto as Exhibit "D."

13.

In addition to the 210,000 tarps sold in October 2018, at least 4,575 of Plaintiff's tarps remained in the Ison Warehouse as of July 2019. Those tarps have not been returned to Plaintiff, and, upon information and belief, these tarps also were sold by Defendants. At the agreed rate of $23.00 per tarp, Plaintiff is owed an additional $105,225.00 for these 4,575 tarps.

14.

Under the parties' agreement, Defendants therefore were required to pay Plaintiff a total amount of $4,935,225 for the 214,575 tarps.

15.

To date, Plaintiff has been paid a total of $3,598,557.00 on the invoices, plus a separate payment of $27,178.22, leaving $1,309,489.78 due and owing from Defendants.

16.

Plaintiff has repeatedly attempted to work with Defendants to satisfy the final payment, but to date, Defendants have not paid the final balance due for the tarps.

17.

Mr. Ison used Ison International and Ison Furniture interchangeably during his business dealings with Plaintiff, such that Defendants failed to operate as separate entities. Upon information and belief, Ison International and Ison Furniture are alter egos for each other and for Mr. Ison and have been used to evade obligations to third parties and commit injustice, such that each entity may be held responsible for the actions of the others.

**Count for Breach of Contract for Sale of Goods**

18.

Plaintiff incorporates, by this reference, the allegations of the foregoing paragraphs as if fully set forth herein.

19.

Plaintiff and Defendants formed a contract for the sale of goods (the 214,575 tarps), under which Defendants agreed to pay Plaintiff the amount of $4,935,225.

20.

Defendants have failed and refuse to pay the full amount due under the parties' contract.

21.

Defendants breached the contract by failing to pay the full amount due.

22.

Plaintiff has been damaged by Defendants' breach and is entitled to recover the $1,309,489.78 remaining due from Defendants under the parties' contract, plus interest.

23.

Plaintiff is entitled to judgment against Defendants, jointly and severally, for the amount due under the agreement, plus pre- and post-judgment interest accruing at the statutory rate.

WHEREFORE, Plaintiff requests that judgment be entered for Plaintiff in the amount to which it is entitled, as alleged above, plus costs of Court and such other and further relief as may be just.

*/s/ Matthew O. Gatewood*
Matthew O. Gatewood (VA Bar No. 89843)
EVERSHEDS SUTHERLAND (US) LLP
700 6th Street NW, Suite 700
Washington, DC 20001-3980
202.383.0100 (t)
202.637.3593 (f)
mattgatewood@eversheds-sutherland.com

*Of Counsel*:
Stacey M. Mohr (*pro hac vice* to be submitted)
Rebekah L. Whittington (*pro hac vice* to be submitted)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
404.853.8000 (t)
404.853.8806 (f)
staceymohr@eversheds-sutherland.com
rebekahwhittington@eversheds-sutherland.com

*Attorneys for Plaintiff*
*Shandong Reltex Leihua Co., Ltd.*
