IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHANDONG RELTEX LEIHUA CO. LTD,

    Plaintiff,

v.

ISON INTERNATIONAL LLC, ISON FURNITURE MFG, INC., and PHILIP ISON,

    Defendants.

Case No. 2:22-cv-57

**MEMORANDUM OPINION & ORDER**

Before the Court is a Motion to Dismiss filed by Defendants Ison Furniture MFG, Inc. ("Ison Furniture") and Philip Ison. ECF Nos. 31 (motion) and 32 (memorandum). This matter is now ripe for disposition. The Court has fully considered the arguments set forth in the parties' briefs and has determined it is not necessary to hold a hearing on the motion. Fed R. Civ. P. 78; E.D. Va. Civ. R. 7(J). Accordingly, for the reasons stated herein, the defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. The action with respect to Defendant Philip Ison is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**I.    BACKGROUND**

In ruling on the defendants' motion to dismiss, the Court assumes that the facts alleged in the complaint are true. This case involves a contract dispute. In 2018, Plaintiff Shandong Reltex Leihua Co., Ltd ("Shandong Reltex") entered into a

warehousing and distribution agreement with Defendant Ison International, LLC ("Ison International") to store 200,000 tarpaulins ("tarps") it produced and imported into the United States. ECF No. 1 ¶ 7.

On or around September 15, 2018, Defendant Philip Ison, acting in his capacity as CEO of Ison Furniture, emailed Shandong Reltex's representative proposing to sell the tarps to customers in the United States. ECF No. 1 ¶ 9.

On or around October 18, 2018, Defendant Philip Ison, acting in his capacity as owner and CEO of Ison International, informed Shandong Reltex that he had sold the tarps and agreed to wire $4,830,000 to Shandong Reltex. ECF No. 1 ¶ 10. The defendants did not wire Shandong Reltex the funds. ECF No. 1 ¶ 12. Instead, Defendant Philip Ison requested that it submit invoices for payment, which it did. *Id.* While the defendants have made some payments, an unpaid balance remains. *Id.* ¶ 15–16.

As a result, Shandong Reltex filed this lawsuit for breach of contract. Its complaint alleges that Shandong Reltex entered into a contract with the defendants for the sale of its tarps and that the defendants' failure to pay the full amount due constitutes a breach of that contract. ECF No. 1 ¶¶ 19–21. Defendants Philip Ison and Ison Furniture filed a joint motion to dismiss the breach of contract claim. ECF Nos. 31 (motion) and 32 (memorandum).

## II.     LEGAL STANDARD

### A.     Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead sufficient "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. When considering a motion to dismiss, the court "must take all factual allegations in the complaint as true," but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papsan v. Allain*, 478 U.S. 265, 286 (1986).

## III.    ANALYSIS

### A.     The Plaintiff Has Pleaded a Plausible Breach of Contract Claim Against Ison Furniture.

In Virginia,[1] "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or

---

[1] "A federal court exercising diversity jurisdiction applies the choice of law rules of the forum state." *L-3 Commc'ns Corp. v. Serco, Inc.*, 926 F.3d 85, 96 (4th Cir. 2019) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). "Virginia's choice-of-law rules apply the *lex loci contractus* rule whereby the law of the state where the contract was formed governs." *Cent. Laundry, LLC v. Illinois Union Ins. Co.*, 578 F. Supp.3d 781, 789 (E.D. Va. 2022), *aff'd*, No. 22-1075, 2023 WL 1256580 (4th Cir. Jan. 31, 2023) (citing *Woodson v. Celina Mut. Ins. Co.*, 177 S.E.2d 610 (Va. 1970)). There are, however, exceptions to this general rule. If the parties execute the

breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Vlaming v. W. Point Sch. Bd.*, 10 F.4th 300, 307 (4th Cir. 2021) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). The dispute before the Court centers on whether Shandong Reltex's complaint alleges a legally enforceable obligation.

For a contract to be legally enforceable, there must be "mutual assent of the contracting parties." *W.J. Schafer Assocs. Inc. v. Cordant, Inc.*, 493 S.E.2d 512, 519 (Va. 1997). In its motion, Ison Furniture asserts that there is no mutual assent because the complaint does not allege that "Ison Furniture [stated] it was a party to any contract" or that Shandong Reltex "accept[ed] and [mutually assented] to the offer it admits Ison Furniture made to it." ECF No. 32 at 6–7. The Court finds these arguments unpersuasive.

In its complaint, Shandong Reltex includes the email that it alleges constitutes an offer from Ison Furniture. *See* ECF No. 1-3 at 2–3. On September 15, 2018, Defendant Philip Ison, in his capacity as CEO of Ison Furniture, emailed Shandong

---

contract in one jurisdiction, but, at the time of execution, the parties intend for the contract to be performed in a different jurisdiction, the law of the place of performance (*lex loci solutionis*) controls. *Arkla Mfg. Co. v. W. Va. Timber Co.*, 132 S.E. 840, 840 (Va. 1926); *Poole v. Perkins*, 101 S.E. 240, 241–42 (Va. 1919). The complaint alleges that the contract was accepted in China. But the contract was for the sale of goods being stored in North Carolina, with the sale to be arranged and payment sent by Ison Furniture and Ison International, whose principal place of business is in Virginia. ECF No. 1 ¶ 8. Therefore, performance of the alleged contract would be in Virginia. The Court thus concludes that Virginia law governs claims arising from the contract. This is consistent with the parties' briefs, which appear to assume that Virginia law applies. *See* ECF No. 32 at 3, 7. Ultimately, whether the Court applies Virginia law or North Carolina law, the outcome is the same.

4

Reltex's representative stating: "We have an order for 150,000 units in the USA" and that he was told "we were to pay 21.00 per unit to [Shandong Reltex]." *Id.* at 2; ECF No. 1 ¶ 9 (alleging the fact that Mr. Ison sent the September 15, 2018 email in his capacity as CEO of Ison Furniture). The email further states, "We can give our customers 30 days to pay and pay you immediately upon shipping." ECF No. 1-3 at 2. Mr. Ison then explains that Ison Furniture is a manufacturing company "with sewing machines and [government contracts]" and lists its business address. *Id.* at 3.

This email specifies an amount, a timeline for when payment would be expected, and identifies Ison Furniture as a relevant party to the contract. These details provide enough information for the email to constitute assent on the part of Ison Furniture. *See Allen v. Aetna Cas. & Sur. Co.*, 281 S.E.2d 818, 820 (Va. 1981) (finding no mutual assent because "no sum was specified in the agreement, nor was any method or formula alleged for determining the amount payable in settlement"). When determining whether an offer has been made, the Virginia Supreme Court has held that "a court should not determine the terms of the [contract] upon which the parties might ultimately agree." *Id.* The Court does not have to do so here because Ison Furniture's September 15, 2018 email laid out sufficient terms to constitute an offer.

Next, the Court must determine whether *Shandong Reltex* assented to the terms of the contract. Ison Furniture argues that the complaint does not allege that Shandong Reltex "responded to [the September 15, 2018 email]" and "accepted this

5

offer." ECF No. 32 at 7. However, at this stage of the litigation, several facts strongly support an inference that Shandong Reltex accepted Ison Furniture's offer.

In his September 15, 2018 email, Defendant Philip Ison required Shandong Reltex to "verify the transaction," which the Court understands to mean "approve the transaction." ECF No. 1-3 at 2. Approximately one month later, on October 18, 2018, Defendant Philip Ison, in his capacity as CEO of Ison International, wrote that based on Shandong Reltex's "instructions, "from [their] phone conversation," and on an "understanding of [Shandong Reltex's] email," the tarps were sold at "$23.00 per box" and that "we" will wire Shandong Reltex a sum. ECF No. 1-3 at 1; *see also* ECF No. 1 ¶ 10.

The October 18, 2018 email alleges two key facts. First, Ison Furniture and Ison International sold Shandong Reltex's tarps. ECF No. 1-3. Second, the tarps were sold pursuant to Shandong Reltex's instructions, a phone conversation, and an email from Shandong Reltex.[2] *Id.* There are two inferences that the Court could draw: Either Shandong Reltex accepted the offer, or Ison Furniture and Ison International sold Shandong Reltex's tarps without its approval. At this stage, all reasonable inferences must be drawn in favor of the plaintiff. *E.I du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Therefore, the inference the Court must draw from the facts as alleged, including from the October 18, 2018 email, is that Shandong Reltex approved the transaction and accepted the offer. Thus, the

---

[2] The email from Shandong Reltex referenced in Defendant Philip Ison's October 18, 2018 email was apparently not attached to the complaint.

6

complaint sufficiently alleges that Shandong Reltex assented to the agreement with Ison Furniture.[3]

### B. The Plaintiff Has Not Pleaded a Plausible Claim Against Defendant Philip Ison.

However, in bringing a breach of contract claim against Defendant Philip Ison, the plaintiff bears an additional burden—it must plausibly allege a basis for piercing the corporate veil. Virginia courts have a strong policy in favor of recognizing the corporate entity as separate and distinct from its members. *Finney v. Clark Realty Cap., LLC,* No. 1:20-cv-93, 2020 WL 6948181, at *5 (E.D. Va. Aug. 6, 2020) (collecting cases). As a result, Virginia courts are "very reluctant to permit corporate veil piercing" and only do so when an "extraordinary exception justifies disregarding the corporate entity in order to hold individual[s]. . . personally liable for a judgment against a corporation." *Dana v. 313 Freemason*, 587 S.E.2d 548, 554–55 (Va. 2003); *Marcus v. Dennis*, No. 1:21-cv-1085, 2022 WL 1527524, at *10 (E.D. Va. May 13, 2022).

The Virginia Supreme Court provides that piercing the corporate veil may be appropriate when:

---

[3] The fact that Defendant Philip Ison purportedly sent the September 15 and October 18 emails in different corporate capacities does not vitiate contract formation. The complaint establishes that there were three parties to the contract at all relevant times: Shandong Reltex, as the owner of the tarps (ECF No. 1 ¶ 7); Ison International, which had actual possession of the tarps pursuant to the warehousing and distribution agreement (ECF No. 1-2); and Ison Furniture, which made the initial offer to sell the tarps (ECF No. 1-3 at 2–3). Given that Defendant Philip Ison is the CEO of both Ison International and Ison Furniture (ECF No. 1 ¶¶ 3–4, 10) and that he sent emails on behalf of both entities from the same email address (ECF No. 1-3 at 1–2), it is reasonable for the Court to infer that he was negotiating this contract on behalf of both Ison Furniture and Ison International simultaneously.

7

> [T]he [individual] sought to be held personally liable [has] controlled or used the corporate entity to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage. Piercing the corporate veil is justified when the unity of interest and ownership is such that the separate personalities of the corporation and the individual[s] no longer exist and to adhere to that separateness would work an injustice.

*Dana*, 587 S.E.2d at 554 (quoting *O'Hazza v. Executive Credit Corp.*, 431 S.E.2d 318, 320–21 (Va. 1993)). Making this determination is a case-specific inquiry. *Id.* Courts may look to several factors, including "the initial capitalization of a corporation, the observation of corporate formalities, the non-payment of dividends, the insolvency of the debtor corporation at the time, the siphoning of funds of the corporation by dominant shareholders, the non-function of officers or directors, and whether the corporate structure is a sham." *Marcus*, 2022 WL 1527524, at *10 (citing *Mid. Atl. Eng'g Tech. Serv., Inc. v. Miller Hardmand Designs, LLC*, No. CL09-2268, 2013 WL 8019593, at *1–2 (Va. Cir. Ct. Mar. 25, 2013).

Shandong Reltex's complaint makes four allegations regarding Defendant Philip Ison. First, he is the CEO of Ison Furniture and the "CEO/owner" of Ison International. ECF No. 1 ¶¶ 3–4, 10. Second, Defendant Philip Ison used both email addresses to communicate with Shandong Reltex. *Id.* ¶¶ 9–10. Third, he used the terms "we" and "our" without delineating which entity he was referring to. *Id.* ¶ 9. And fourth, Defendant Philip Ison used the two companies "interchangeably during his business dealings with [Shandong Reltex], such that Defendants failed to operate as separate entities" and "upon information and belief" the three defendants are "alter egos for each other." *Id.* ¶ 17.

Without stating how Defendant Philip Ison used the companies inappropriately, what obligations were evaded, or what injustices were committed, Shandong Reltex concludes that he used the companies to "evade obligations to third parties and commit injustice." ECF No. 1 ¶ 17. This is precisely the kind of bare recitation of elements and conclusions that the Supreme Court deemed insufficient. *Twombly*, 550 U.S. at 555 (holding that plaintiffs must do more than plead labels, conclusions, and a formulaic recitation of the elements of a cause of action to state a claim).

In its opposition to the motion to dismiss, Shandong Reltex argues that Defendant Philip Ison used Ison Furniture to make the contract at issue, but then obligated Ison International to pay the funds to avoid paying the plaintiff. ECF No. 34 at 7. This allegation, even if it were made in the complaint, would be insufficient to warrant piercing the corporate veil. Generally, piercing the corporate veil is appropriate when the actions taken were for the benefit of the individual or the corporation was insolvent. *See e.g., C.F. Trust, Inc. v. First Flight Ltd. Partnership*, 140 F. Supp.2d 628 (E.D. Va. 2001); *National Carloading Corp. v. Astro Van Lines, Inc.*, 593 F.2d 559 (4th Cir. 1979); *Cheatle v. Rudd's Swimming Pool Supply Co.*, 360 S.E.2d 828 (Va. 1987).

Based on the facts pleaded in the complaint, Defendant Philip Ison's actions were ultimately for the benefit (or detriment) of the corporation. He was not using the corporate scheme to avoid payment of his own individual obligation, *see, e.g. C.F. Trust, Inc.*, 140 F. Supp.2d at 636; nor was he siphoning off corporate funds to his

9

own personal account, *see, e.g. Cheatle*, 360 S.E.2d at 831; nor was he creating the company to avoid personal liability of a known defect, *see, e.g. Dana*, 587 S.E.2d at 554; nor was he establishing and funding the corporation to provide a personal benefit to his child *see, e.g. O'Hazza*, 431 S.E.2d at 322. Rather, the facts as pleaded only establish that Defendant Philip Ison used the alleged scheme to avoid paying *corporate* obligations.[4]

It is true that the complaint alleges that Defendant Philip Ison is the CEO of Ison Furniture and CEO/owner of Ison International LLC. But, in any event, "[t]he fact that ownership is concentrated in one or a few individuals is not alone sufficient grounds for piercing the corporate veil." *Marcus*, 2022 WL 1527524, at *10 (quotation marks and alterations omitted). The complaint also avers that Defendant Philip Ison used both entities' email addresses to communicate with Shandong Reltex. That fact does not allow the Court to infer "more than the mere possibility of misconduct given the demanding evidentiary standard." *Marcus*, 2022 WL 1527524, at *10 (citing *Dana*, 587 S.E.2d at 554–55). Thus, the plaintiff has failed to state a claim against Defendant Philip Ison that is plausible on its face.

---

[4] Shandong Reltex does not allege that either corporate defendant is in any financial distress. Thus, the complaint has failed to demonstrate that any injustice will result from holding the corporate defendants—rather than Defendant Philip Ison—liable. *See Marcus*, 2022 WL 1527524, at *10.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants Ison Furniture MFG, Inc. and Philip Ison (ECF No. 31) is **GRANTED IN PART** and **DENIED IN PART.**

With respect to the action against Defendant Ison Furniture, the motion is **DENIED.** Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant Ison Furniture is required to file an answer to the complaint within 14 days of entry of this Memorandum Opinion and Order.

With respect to the action against Defendant Philip Ison, the motion is **GRANTED.** The action as to Defendant Philip Ison is **DISMISSED WITHOUT PREJUDICE.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record and to terminate Philip Ison as a party to this action.

**IT IS SO ORDERED**.

/s/ *JKW*
Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 31, 2023